## NEW YORK CENT. R. CO. v. UNION OIL CO. OF PENNSYLVANIA.

### No. 6267.

District Court, W. D. Pennsylvania.
Nov. 19, 1931.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for New York Cent. R. Co.

Alexander & Clark, J. H. Alexander, and W. S. Clark, all of Warren, Pa., and Willis Crane, of Washington, D. C., for Union Oil Co. of Pennsylvania.

GIBSON, District Judge.

This is a case founded upon the Interstate Commerce Act (49 USCA § 1 et seq.). The facts have been stipulated and the case submitted to the court for judgment. With the possible exception that they fail to disclose the fact that the shipments were from Warren, Pa., to Ottawa, Canada, the two questions submitted for our determination in the stipulation sufficiently reflect the essential facts. The questions are as follows:

1. Where a carrier furnishes a consignor with a written rate quotation which is less than the published tariff rate, and on the basis of such quotation accepts and delivers to the consignee a prepaid shipment under a bill of lading which provides by signed stipulation that there shall be no recourse on the consignor if delivery is made without collecting from the consignee all freight and lawful charges, may the carrier, who through error has failed to collect the undercharge from the consignee, compel the consignor to pay the difference between the rate prepaid and the published tariff rate?

2. Where a carrier furnishes a consignor with a written rate quotation, which is less than the published tariff rate, and on the basis of such quotation accepts and delivers to the consignee a shipment billed collect, freight charges paid by the consignee, under a bill of lading which provides by signed stipulation that there shall be no recourse on the consignor if delivery is made without collecting from the consignee all freight and lawful charges, may the carrier, who through error has failed to collect the undercharge from the consignee, compel the consignor to pay the difference between the rate paid and the published tariff rate?

Our answer to each question is in the affirmative, in so far as the questions apply to the facts of the instant case. The consignor was the owner of the goods shipped and the transportation ordered was on its own behalf. Under such circumstances, the consignor is primarily liable even where the bill of lading contains a provision imposing liability upon the consignee. Louisville & N. R. R. Co. v. Central Iron & Coal Co., 265 U. S. 59, 44 S. Ct. 441, 68 L. Ed. 900. In the present case the consignor was also consignee, with a "notify-party" named in each bill of lading. Had the notify-party refused to receive the shipment, the consignor would unquestionably have been liable for the freight dues. The fact that the notify-party may also be liable in case he takes possession of the shipment (Pittsburgh, C. C. & St. L. Ry. Co. v. Fink, 250 U. S. 577, 40 S. Ct. 27, 63 L. Ed. 1151) does not alter the primary obligation of the consignor.

In the instant case no doubt can exist, we think, as to the liability of the shipper. As to eight of the shipments, it is plain that the consignor, by the bill of lading, contracted to pay the freight charges. As to the other shipment, the facts in relation to which are reflected by the second question, the notify-party, as in fact were the notify-parties of all the shipments, was a resident of Canada. In the Canadian courts, wherein collection would have to be sought, the Interstate Commerce Act (49 USCA § 1 et seq.) would not have the same force as in the courts of the United States, and in them the defenses of the notify-parties would be good, although invalidated by that act. Even though it were held that the consignor were only secondarily liable, which we do not hold, it would be liable under these circumstances.

Judgment will be ordered for the plaintiff in the amount of the excess of the legal rate over the amount collected, with interest.